Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARIAN LAMONT BROWN #13117-032 )
FCI - Gilmer )
P O Box 6000 )
Glenville, WV 26351 , )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
)
Petitioner, )
vs. )
)
R. BROWN — Warden , )
(Name of Warden or other authorized person )
where you are incarcerated) )
)
Respondent. )

**Petition for Habeas Corpus
Pursuant to 28 U.S.C. § 2241**

Civil Action No. 3:23-cv-104
(to be assigned by Clerk)

Groh Trumble Sims

**FILED**

APR 21 2023

**U.S. DISTRICT COURT-WVND
WHEELING, WV 26003**

**Important notes to read before completing this form:**

☆    Please read the entire petition before filling it out. Answer only those questions
which pertain to your claim(s).

1.    This petition concerns (check the appropriate box):

      ☒    a conviction
      ☒    a sentence
      ☐    jail or prison conditions
      ☐    prison disciplinary proceedings
      ☐    a parole problem
      ☐    other, state briefly: _____

                        _____

**Attachment A**

_____

_____

_____

2.    Are you represented by counsel?        ☐ Yes        ☒ No

   If you answered yes, list your counsel's name and address: _____

   _____

   _____

3.    List the name and location of the court which imposed your sentence:
   U.S. District Court for Eastern District of Kentucky

   Lexington Division

   _____

4.    List the case number, if known:    5:16-CR-097-DCR

5.    List the nature of the offense for which the sentence was imposed:
   Violation of Controlled Substances Act (21 USC § 841(a))

   _____

   _____

6.    List the date each sentence was imposed and the terms of the sentence:
   January 12, 2018, sentenced to 330 months

   _____

   _____

7.    What was your plea to each count? (Check one)

   ☒    Guilty
   ☐    Not Guilty
   ☐    Nolo Contendere

Attachment A

8.  If you were found guilty after a plea of not guilty, how was that finding made?

☐  A jury
☐  A Judge without a jury
☐  A Magistrate Judge without a jury

9.  Did you appeal from the judgment of conviction or imposition of the sentence?

☒  Yes        ☐  No

10.  If you did appeal, give the following information for each appeal:

A.  Name of Court: _Sixth Circuit Court of Appeals_
B.  Result: _Affirmed_
C.  Date of Result: _January 17, 2019_
D.  Grounds raised (List each one): _Anders Brief_
_____
_____
_____
_____
_____

Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?  This is called a post-conviction pleading.

☒  Yes        ☐  No

If your answer was yes, complete the following sections:

A.  First post-conviction proceeding:
    1.    Name of Court: _Eastern District of Kentucky_

Attachment A

    2.    Nature of Proceeding: <u>§ 2255 Motion to Vacate</u>

    3.    Grounds Raised: <u>Ineffective Assistance of Counsel</u>

    4.    Did you receive an evidentiary hearing ?  ☐ Yes   ☒ No

    5.    Result: <u>Dismissed</u>

    6.    Date of Result: <u>October 2, 2019</u>

B.    Second post-conviction proceeding:

    1.    Name of Court: <u>Sixth Circuit Court of Appeals</u>

    2.    Nature of Proceeding: <u>Motion to Recall Mandate</u>

    3.    Grounds Raised: <u>U.S. v Havis, 927 F.3d 382 (6th Cir.</u>2019)

    4.    Did you receive an evidentiary hearing ? ☐ Yes   ☒ No

    5.    Result: <u>Denied</u>

    6.    Date of Result: <u>December 19, 2019 and December 28, 2020</u>

C.    Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?

    1.    First proceeding:   ☒ Yes   ☐ No   Result: <u>Denied</u>

    2.    Second proceeding: ☐ Yes   ☒ No   Result: _____

D.    If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: _____

_____

12.    For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

A.    U.S. Parole Commission unlawfully revoked my parole.

B.    Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C.  Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D.  Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E.  There is an unlawful detainer lodged against me.
F.  I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G.  The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A.  Ground one:
PETITIONER WAS ERRONEOUSLY DESIGNATED AS BEING A CAREER OFFENDER, AS DETERMINED BY U.S.S.G. § 4B1.1 _____

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
Included, as a qualifying predicate, for purposes of enhancing petitioner's base offense level under U.S.S.G. § 4B1.1, was a prior felony conviction for "attempting to possess cocaine with the intent to distribute". Under current jurisprudence in 6th Circuit, it fails to be a predicate for
- CONTINUED -

B.  Ground two:

CONTINUED, from A. GROUND ONE (page 10):

"career offender." That charge of course occurred in United States v. Havis 927 F. 3d 382 (6th cir, June 6, 2019) (en banc) (per curiam). Although that decision was published subsequent to petitioner's sentencing on January 12, 2018, the direct appeal therefrom remained pending when the panel's initial ruling was published on october 22, 2018, in United States v. Havis, 907 F. 3d 439 (6th cir. 10-22-18). The order denying this petitioner's "Petition for Rehearing" was not entered untill January 17, 2019. In Havis, supra, en banc review was granted on April 18, 2019 and is reported at: 921 F. 3d 628 (6th cir, 04-18-19). According to S. ct. 13 - the 90 day rule, petitioner Brown's sentence was not becoming "final", till April 18, 2019. Just as the government is on point about cases on appeal. Thus, appellate counsel was on notice that Havis was in the pipeline of cases that were challenging the employment of an "attempt" offense as a qualifying predicate for enhancement under § 4B1.1. When the petitioner was sentence on January 12, 2018, Havis was already pending in the sixth circuit, and sheduled for oral argument on May 1, 2018. consequently, competent counsel would have included an identical argument or at least requested that the court hold Brown's appellate brief in abeyance till the rulings following Havis, especially since defense counsel objected to enhancing petitioner's sentence under § 4B1.1 at his sentencing.

    In Brown's initial habeas petition he argued that his sentence was procedurally unreasonable based on his attorney's ineffective assistance. see United States v. Brown, No. 5:19-24-DCR-CJS, 2019 U.S. Dist, LEXIS 171295 (E.D. Ky., Sep. 11, 2019); DE#: 188, P. 4, at 6-7. This claim of procedural unreasonableness sensibly encompassed an actual innocence challenge against his conviction under 18 U.S.C. 851. Further, it was part and parcel of his overarching claim of ineffective assistance of both trial and appellate counsel. Brown argued that his prior federal conviction for attempt to posses with

intent to distribute cocain couldn't be used as a prior conviction, arguing that the district court "committed double Jeopardy" when it used that prior conviction to enhance his sentence pursuant to 21 U.S.C. 851 and to calculate his sentence under the sentencing guidelines. Further, he argued that the district court "unlawfully used a supervised release violation" to designate him as a career-offender under U.S.S.G. § 4B1.1. (R.138, at 13 ¶ 48), (R.179, at 2-4), (Id. at 12-13). His reference to the supervised release violation wasn't a stand alone challenge to the § 851, the very first issued argued, was that the court "committed double Jeopardy." In layman term, double Jeopardy, could only be construe as a claim of innocences, and whether a offense should be submitted to a Jury and proven beyond a reasonable doubt. R. EX.A. PP.4-5.

The district court found that "Brown attempt[ed] to work around the [Plea] waiver by asserting [the above-mentioned] sentencing challenges under an ineffective-assistance-of-counsel umbrella." Civ. DE#: 188, p.9, at Page ID#: 978.

[SPACE INTENTIONALLY LEFT BLANK]

Just as Blakely v. Washington, 542 U.S. 296 (2004), was a harbinger of United States v. Booker, 543 U.S. 220 (2005), petitioner's appellate counsel was obligated to be current on pending cases

10(b)

which could have an affect on the sentence. The government does.
United States v. Rodriguez, 492 F. Supp. 3d 306 (S.D.N.Y. 2020). An attorney
is required to maintain an up-to-date system for keeping current on pending
litigation affecting the law. The government does. United States v. Crawford, 2002 U.S.
Dist. LEXIS 25284 (N.D. Ohio). Therefore, petitioner's alleged procedural
default is attributable to the ineffectiveness of appellate counsel,
and serves as "cause" to excuse it. Armstead v. Steward, 2021 U.S. App.
LEXIS 18184 (6th cir.)(citing Chase v. Macauley, 971 F. 3d 582, 592
(6th cir. 2020)).

In Braswell v. Smith, 952 F. 3d 441 (2020), the Fourth Circuit held that a district
court erred by denying petitioner's § 2241 petition brought pursuant via
the savings clause. Under United States v. Wheeler, 886 F. 3d 415 (4th Cir.
2018), the combination of the change in law and its retroactivity that
occurred after petitioner's conviction, with the change in settled
substantive law occuring prior to the filing of his § 2255 motion, but the
retroactivity aspect not being decided until after resolution of the §
2255 motion, satisfied Wheeler's second prong." In this case and Wheeler,
the petitioners in their first § 2255 motions could not rely upon the
change in substantive law to correct their fundamental sentencing errors;
thus, such motions were inadequate and ineffective to test the legality
of their detention." Braswell v. Smith, 952 F. 3d 441, 448-49 (4th cir. 2020).
continuing:

  To hold otherwise would strip all meaning and purpose from §
  2241 and Wheeler itself." The privilege of habeas

corpus entitles the prisoner to a meaningful
opportunity to demonstrate that he is being
held pursuant to the erroneous application or
interpretation of relevant law." Boumediene v.
Bush, 553 U.S. 723, 779 (2008). Accepting the
Government's inflexible reading of prong two
of the Wheeler test would deny relief to Appellant
merely because he could cite to Simmons in his
first § 2255 motion, even though the state of law
at the time precluded him from using it in his
favor. This is not a meaningful opportunity.
Braswell, 952 F.3d at 449.

While the district court alleged that "[i]n conclusory fashion [Arian Brown] contend[ed]
that his attorney was ineffective for failing to object to or correct each issue[.]"
(civ. DE#: 188 at p. 9). The sixth circuit in Jacques Brown, No. 20-2173, 2022 U.S. App.
LEXIS 8158 (6th cir., March 28, 2022), evidences that petitioner's ineffective-assis-
tance-of-counsel argument (the so-called "umbrella" claim) can be distinguished
from the rational applied in see Bullard v. United States, no. 17-3731, 2019 WL 418040
7, at * 5 (6th cir. Sept. 4, 2019). It's true because the circumstances in the case of
Arian L. Brown- the instant case- mirrors the Petitioner's circumstances in
Jacques Brown. Phrased for specificity, Jacques Brown evidence that an attorney
can in fact be ineffective for failing to see prevailing changes or develop-
ments in law, especially when these changes have been so clearly foreshadowed
by prior changes in sister circuits. see, e.g., United States v. Rollins, 836 F.3d 737,
742 (7th cir. 2016)(en banc)(holding that the sentencing commission's to expand

10(d)

the reach of an otherwise clear guideline "deserves no deference."); and united states v. Winstead, 890 F. 3d 1082, 435 U.S. App. D.C.(D.C. cir. 2018). Moreover, as stated previously Havis was developing parallel—within the same circuit—as Arian L. Brown, while Petitioner was on direct appeal. There is no legitimate reason for Brown's "trial attorney's failure to make an objection that would have been overruled under then-prevailing law," but whose validation was "clearly foreshadowed by existing decisions [,]" Lucas v. O'Dea, 179 F. 3d 412, 420 (6th cir. 1999). This counsel's lack of familiarity regarding the events leading to the sixth circuit's precedential and binding decision in Havis (i.e., Rollins and Winstead, is tantamount to ineffective assistance. Furthermore, the district court fails to realize the fact that its ruling was a procedural ruling that pre-cluded a merits determination of Petitioner's 2255 motion due to the fence the sixth circuit built upon in Bullard. As dicussed in Wright v. Spaulding, 939 F. 3d 656, 709 (6th Cir. 2019), bad "precedent [Bullard] leaves defendants without a reasonable opportunity to obtain reliabe Judicial determinations of their cases, without any opportunity for Judicial rectification of mistakes." (citing In re Davenport, 147 F. 3d 605, 609 & 611 (7th cir. 1998)).


The opinion in Jacques Brown entitles the instant petitioner to similar relief. See united states v. Guthrie, 2021 U.S. Dist. LEXIS 241361 (W.D.Va.); courtright v. Von BlancKensee, 2022 U.S. App. LEXIS 4618 (9th cir.)(defendant actually innocent of the sentencing enhancement, and entitled to be resentenced); united states v. Izzard, 2021 U.S. App. LEXIS 32120 (4th cir.)(intervening case law reflected that the defendant was no longer a career offender); united states v. Thomas, 2022 U.S. App. LEXIS 9176 (4th cir.)(same); and united states v. Cordero, 973 F. 3d 603 (6th cir. 2020)(granting compassionate release due to Havis).

CONTINUED, from B. GROUND TWO (pages 10,11):

Re-sentencing, without an enhancement for being a career offender, was ordered in the recent case of Betts v. United States, No. 4:17-CR-044 (N.D. Ohio, Jan. 28, 2022). Although the district court rejected petitioner's claim asserting his trial counsel failed to properly research and investigate his enhanced status as a career offender (because Havis, supra, had not been published) the court did rule that appellate counsel did provide deficient performance. The Government had conceded this issue because Havis, supra, had been binding precedent for more than four months at the time Petitioner's appellate brief was filed. (citing ECF #132, pg. 10). "[B]ecause the sixth circuit consistently applied Havis retroactively when it was raised either by the Government or by the defendants on direct appeal, and because the Government concedes that his sentence could have been reduced had it been raised, Mr. Betts has established that his counsel deficiency was prejudicial." Id. Accordingly, the court granted, in part, the motion to vacate by ordering re-sentencing without the career offender enhancement.

Clearly, if sentenced today, Arian L. Brown would not be classified as a career offender under the Guidelines. United States v. KanohoKula, 2021 U.S. Dist. LEXIS 223211 (D. Hawaii); United States v. Norman, 935 F.3d 232 (4th cir. 2019); United States v. Melton, 2022 U.S. Dist. LEXIS 4789 (W.D. Va.); United States v. Reyes, 2021 U.S. Dist. LEXIS 238866 (W.D.N.C.); United States v. Williams, 2021 U.S. Dist. LEXIS 235426 (E.D. Va.); and Hill v. Masters, 836 F.3d 591 (6th cir. 2016)(misapplying § 4B1.1, was reviewable in a 2241 petition).

Attachment A

THE PETITIONER CANNOT GAIN RELIEF FROM THE ENHANCED
SENTENCE, UNDER 28 USC § 2255, BECAUSE IT IS "INEFFECTIVE
OR INADEQUATE" TO CORRECT THE ERROR

Supporting facts:

Based on current Sixth Circuit jurisprudence, there can
be no serious disagreement that, if the petitioner were sen-
trenced, today, he would not qualify for career offender
status. See United States v. Thompson, 2022 U.S.Dist.LEXIS
12682 (N.D.Ohio); United States v. Havis, 927 F.3d 382 (6th
Cir.2019).

- CONTINUED -

C.    Ground three:
    PETITIONER IS "ACTUALLY INNOCENT" OF CONVICTION OF THE
    RECIDIVISM-BASED ENHANCEMENT, AS DETERMINED BY 18 U.S.C.
    § 851.

Supporting facts:
    Based on United States v. Fields, 435 F.Supp.3d 761,764,
    2020 U.S.Dist.LEXIS 14020, at *4 (E.D.Ky.,Jan. 24, 2020),
    ("Fields"); Almendarez-Torres v. United States, 523 U.S.
    224, 188 S.Ct. 1219, 1228-33, 140 L.Ed.2d 35 (1998), in
    light of the First Step Act of 2018 ("FSA").

- CONTINUED -

D.    Ground four:

United States District Court                    11                    Northern District of West Virginia-2011

CONTINUED, from C. GROUND THREE (page 11):

"Actual innocence", Nevertheless, even if Brown's challenge of actual innocence against his conviction under 18 U.S.C. § 851 did not relate back to his claim of "double Jeopardy" in his original motion to Vacate (as to avoid procedural default), actual innocence is one of the exceptions triggering the safety valve which permits review of the error pursuant to 28 U.S.C. § 2241. see, e.g., McQuiggin v. perkins, 596 U.S. 383, 133 S. ct. 1924, 185 L. Ed. 2d 1019 (2013)(Actual innocence offers a gateway for a habeas petitioner to obtain review of his claims of constitutional magnitude, even after the statute of limitations has expired or where the claim would otherwise be procedurall defaulted). There are essentially two (2) prongs for a petitioner to meet before he can pass through this gateway: (1) He must possess strong evidence to substantiate innocence, and (2) "in light of all the evidence, it [must be] more likely that not no reasonable Juror would have convicted him[.]" if both of these prongs are met, he has established grounds to grant equitable tolling or—in Brown's case—excuse procedural default. Phillips v. United States, 734 F.3d 573, 582 (6th cir. 2013)(internal quotations omitted, with slight alteration).

For the sake of clarity, Petitioner asserts that Fifth Amendment due process and Sixth Amendment trial protections require that certain facts—specifically those determined under the categorical approach (or similar methodology) — evidencing the qualification of a prospective predicate (Petitioner coins the phrase the "categorical-predicate issue"), be submitted to a Jury and proven beyond a reasonable doubt. while the supreme court has expressly held that a prior convictions is not an element of an offense, and therefore need not be submitted to the Jury, Brown argues: that this

11(b)

rationale applies only to the identity issue (whether the defendant in the instant offense is the same as the one convicted of the predicate offense), the recency issue (whether the predicate offense occurred within the given 15-year window), and the issue of length of confinement (whether post-First Step Act of 2018, for § 851 penalties, defendant served a term of incarceration exceeding one year).

To support his argument, Brown relies, in part, on the "phase II mechanics" illustrated in United States v. Fields, 435 F. Supp. 3d 761, 764, 2020 U.S. DIST. LEXIS 14020, at *4 (E.D. Ky. Jan. 24, 2020) ("Fields I"), to mount an "actual innocence" challenge against his § 851 conviction. In Fields I, the District Court, questioned whether due process principles and sixth Amendment jury protections attach to recidivism-based facts which increase a putative defendant's statutory maximum and/or minimum sentence, in light of the First Step Act of 2018 ("FSA"). See Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 1228-33, 140 L.Ed. 2d 35 (1998) (rejecting the argument that recidivism must be treated as an element of the offense); Apprendi v. New Jersey, 530 U.S. 99, 133 S. Ct. 2151, 2361-62, 147 L.Ed. 2d 435 (2000) ("[I]t is arguable that Almendarez-Torres was incorrectly decided, and that a logical application of are reasoning today should apply if the recidivism issue were contested [.]"); and United States v. Mack, 729 F.3d 594, 609 (6th Cir. 2013) ("Although Almendarez-Torres may stand on shifting sands, the case presently remains good law and we must follow it until the supreme court expressly overrules it.")

As the district court in Fields I, stated "no supreme court authority has addressed whether the Almendarez-Torres recidivism exception applies in a post-FSA world, were defendants may contest, factually and legally, whether a prior

11(c)

conviction qualifies as a 'serious drug felony.'" Fields I, 435 F. Supp at 764.

subsequently, Fields I, appeal the criminal Judgment to the sixth circuit. In united

states v. Fields, No.

Petitioner or Brown, takes the argument a bit further than the question

of whether a controlled substance offense qualifies, post-FSA, as a

"serious drug felony" or not. Petitioner contends that phase II mechanics

evine that while a defendant may be factually and legally guilty of the

predicate conviction itself - whether it be a controlled substance offense

or a crime of violence - he may be actually innocent of committing a

categorical-predicate prior to being charged with the instant federal

offense. Phrased differently, there is a growing consensus amongst

the courts, that there is more at stake when deciding to apply a

recidivism-based enhancement then just the identity and recency

issues or questions involving length of confinement.

20-551 (6th cir. Aug.10, 2022)("Fields II"), the sixth circuit

discussed the defendant's two prior Kentucky "final conviction[s] for... serious

drug felon[ies] for which he served over a year in prison and was released

within 15 years of the instant offense: to wit, "trafficking in a controlled

substance in the first degree," and "unlawful possession of a methamphetamine

precursor and persistent felony offender." Ibid. (citations omitted). The

underlying trial (Fields I) was bifurcated into two phases (hence the term "phase

II mechanics") in order to first prove - under phase I - the substantive drug

offense, and second - under phase II - to prove that Fields had previously been

convicted of two qualifying predicate drug felonies. While the sixth circuit

II(d)

Vacated Fields' 25 year mandatory-minimum enhanced sentence, by rejecting one of the previously-qualifying predicates, the sixth circuit also rejected Fields enumerated challenges to the procedure used to impose the enhancement; including that fifth and sixth amendment protections attach to § 851 proceedings. Ibid.

It's worthy to note that the solicitor General in its response to the Williams case conceded that Almendarez-Torres was incorrectly decided—raising constitutional questions. Although its dictum, but persuasive. See William v. United states, 142 S. Ct. 1439, 212 L. Ed. 2d 536 (U.S. Apr. 4, 2022); and read the (solicitor General's response)(paraphrased for lack of access to exact quote)

While Brown anticipates that the courts will consider precedents held by Almendarez-Torres and its progeny as barring his actual innocence claim at this time. However, he asserts that any Judicial findings that Almendarez-Torrez bars his actual innocence challenge against the categorical-predicate issue is purely gratis dictum. In the end, federal courts have no power but Judicial power. And by its nature, this Judicial power cannot be applied to issues that have not been raised by the parties in the controversy. See e.g., Muskrat v. United states, 219 U.S. 346, 361-62, 31 S.Ct. 250, 55 L.Ed. 246 (1911); also Osborn v. Bank of the U.S., 22 U.S. 738, 819, 6 L. Ed. 204 (1824)(the courts are "capable of acting only when the [claim] is submitted to it by a party who asserts his right[.]") Hence, because the categorical-predicate issue has not-according to Petitioner's research nothing has been submitted to either the supreme court or to sixth circuit to date, Brown's actual innocence challenge is not foreclosed by Almendarez-Torres nor its progeny nor Sixth circuit precedent.

By and large, "[t]he decision of the issue must contribute to the judgement". Whether and why the court affirms, reverses, vacates, or remands. A legal conclusion that is necessary to the judgment qualifies. So might one sufficient to support the judgment but not strictly necessary in light of independent and equally sufficient conclusion - that is, when there are two independent reasons for the ruling ... but a conclusion that does nothing to determine the outcome is dictum." Wright v. Spaulding, 939 F.3d 695, 701 (6th Cir. 2019)(referencing Michael c. Dorf, Dicta and Article 111, 142 u. Pa. L. Rev. 1997, 2044 (1994). However, even if the court disagrees with Petitioner's position regarding the categorical-predicate issue, nothing impedes the courts ability to at least formally question- as part of its report and recommendation and order, the reliability or accuracy of the rationale behind Almendarez-Torres in light of several changes in the legal landscape (e.g., the FSA, Havis and this circuit's Norman).

Again, in McQuiggin v. Perkins, the united states supreme court held that a showing of actual innocence provides an equitable exception to the AEDPA's statute of limitations. Id., 569 U.S. 383, 392, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). The "actual innocence" doctrine derives from the supreme court's "fundamental miscarriage of justice" exception to the procedural default rule. Schlup v. Delo, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The sixth circuit has explained that "while the procedural default rule ordinarily applies for purposes of comity and finality, the bar should not be so absolute as to produce a "fundamental miscarriage of justice". Gibbs v. united states, 655 F. 3d 473, 477 (6th cir. 2011)(referencing Engle v. Isaac, 456 u.s. 107, 135, 102 S. ct. 1558, 71 L. Ed. 2d 783 (1982). Conversely, the full scope of the "actual innocence" doctrine has yet to be defined; however, Petitioner asserts that where such a

11 (f)

standard is unclear, the Rule of Lenity attaches. See, e.g., United States v. Henry, 819 F. 3d 856, 872 (6th Cir. 2016)

The law is clear, it is then followed by an explanation that if Brown were sentenced today, he would not qualify as a career offender.

So this case is far more cut and dry than most. Brown is not a career offender. All parties accept that as a fact. This circuit, the District court where he was sentenced, the government, and obviously Brown himself, all agree on this single point. Indeed, it is even more poignant that at no point during Brown's life, was he ever a career offender. Not at the time of his crime. Not at the time of his sentencing. Not today. Never. Similarly, Brown's criminal chronology has not changed in any way since the date he was sentenced. Furthermore, both the statute of conviction, the statute under 18 U.S.C § 851, as well as the Guideline in question, have also remained unchanged since the sentence was imposed.

## REASONS FOR GRANTING THE PETITION: "THE FARCE OF FINALITY"

The courts have long held that without various procedural bars firmly in place, prisoners could raise old claims again and again until they are declared victorious and that, ultimately, finality wouldn't mean a thing. See Foster v. Chatman, 578 U. S. 488, 572, 136 S. Ct. 1737, 1763, 195 L. Ed. 2d 1 (2016) (citing Friendly, is innocence irrelevant? collateral attack on criminal judgments, 38 U. Chi. L. Rev. 142, 145 (1970) ("The proverbial man from mars would surely think we must consider our system of criminal justice terribly bad if we are willing to tolerate such effort at undoing judgements of conviction.") Despite the seemingly axiomatic nature of

11 (9)

this rationale, jurist of reasons should deride the "Rule of Finality" for a panoply of reasons. Of primary significance is the fact that litigating a threadbare and timeworn will typically make it no more meritorious the umpteenth time it is litigated than it was the first time — either a claim possesses merit or it simply does not! On the opposite end of the spectrum, if a claim is in fact meritorious from the onset, but only requires the vigorousness or persistence of the putative prisoner to make it victorious, why should a court not be able to correct its own erroneous judgment down the line?

The federal judiciary has used the AEDPA's strict one-year limitations period to evidence the validity of the Rule of Finality — or rather sustain the Farce of Finality — for more than two decades. However, this limitations period was only added by congress at the minute and without actual explanation. Immediately following the law's enactment, pundits reasoned that the one-year limitations period was added to accelerate executions. This made ample sense because the "E" in AEDPA seemingly promised an "Effective" death penalty. Conversely, when many of those same pundits were confronted with the fact that the AEDPA did little to streamline executions — as death penalty wait times more than doubled following the provision's enactment — the federal judiciary began broadcasting the legend that the statute of limitations was incorporated by the legislature to enforce the "finality" of criminal convictions. Nevertheless, the Rule of Finality is just that — a legend! As history teaches, legends lend themselves to exaggerations and embellishments. We the people should all rest assured, the man from Mars (whether "proverbial" or actual) cares little about the principles of alleged-comity, conclusiveness, and finality that protect the courts from having to effectuate the ultimate purpose of the Great Writ: safeguarding individual freedom against lawless governmental action and ensuring "that miscarriages of justice are surfaced and

corrected." Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cnty.,

Cal, 411 U.S. 345, 350, 93 S. Ct. 1571, 36 L. Ed. 2d 294 (1973) (quoting Harris v. Nelson,

394 U.S. 286, 291, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). The actual man from Mars

likely died from extinction long ago or never existed in the first place. Instead,

we the people should concern ourselves with what the actual man from America

would think about the current state of the federal judiciary, where the significance

of the principles of comity and finality are juxtaposed or are considered part and

parcel. See, e.g., United States v. Foster, 674 F.3d 391, 395 (4th Cir. 2012) (Wilkinson, J.,

concurring in denial of rehearing en banc) ("If one were to inquire of an objectively

reasonable person on the street whether" a court should allow the correction of a

sentencing error caused by its own mistake — an error that will likely cost an

individual years of freedom — no doubt that citizen's response would be: "of course.

why do you ask?") (creative liberties taken).

 

     Within the federal judiciary exist a shared mentality where courts typically

eschew their inherent authority to grant any "relief necessary to correct"

mistakes of their own design, in favor of yielding to certain "mechanical rules" of

jurisprudence. Whiteside v. United States, 775 F.3d 180, 190 (4th Cir. 2014) (citing Holland

v. Florida, 560 U.S. 631, 646, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (some quotations marks

omitted; citations omitted). Regardless of whether a court's error is ground in judicial

activism or the result of an honest mistake, it is never the prisoner's fault — yet

because of the imaginary barrier sustained by the force of finality and the ancillary

procedural minefield surrounding this barrier — it is frequently the prisoner that is

left paying the price. See Whiteside, at 191.

 

     At the end of the day, "if finality were [the courts] only or even the more

important institutional goal, [the law] would not permit any post-conviction relief at all." Hawkins v. United States, 724 F. 3d 915, 923 (7th Cir. 2013). If the actual purpose of the AEDPA's limitations period or any other provision enacted by congress, were in fact aimed at bringing about the end of all measures in which a prisoner may attack the validity of his conviction or sentence (beyond his initial habeas proceeding), the legislature would have unambiguously declared this through the AEDPA or abolished the few statues (e.g., 28 U.S.C. §1651 (All Writs Act), Fed. R. Civ. P. 60(b), or like here, 28 U.S.C. § 2255(e)) which permit a prisoner to litigate his claims after his initial habeas motion is denied. After all, congress know how to draft statutes without making the more complic- ated than they need to be." In re Ibbot, 637 B.R. 567, 579 (ftn. 12) (citing Whitman v. Am Trucking Ass'n, Inc 531 u.s. 457, 468, 121 S. Ct. 903, 149 L. Ed. 2d 1 (2001) (congress "does not, one might say, hide elephants in mouse holes.") Untimely, Brown's argument can be summed up with rhetoric: does the federal judiciary's need to maintain an air of finality trump running the risk of unnecessary deprivations of liberty that undermine the fairness, integrity, or public reputation of judicial proceedings? See, e.g. Glover v. United States, 531 u.s. 198, 204, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

Without an accurate R&R and memorandum opinion- one based on the actual claims presented - Brown will be denied a meaningful review from the court of Appeals for the fourth circuit. See, e.g., Clisby v. Jones, 960 F. 2d 925, 938 & n.17 (11th cir. 1992)(en banc) ("The havoc a district court's failure to address all claims in a habeas petition may wreak in the federal and state court system compels us to require all district courts to address all such claims."); also Corcoran v. Lenenhagen, 558 u.s. 1, 2, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (per

curiam)(where district was required to either address all undecided claims or adequately explain why consideration was not necessary.).

Hence, Brown respectfully request, that this court hold this petition in abeyance for the supreme courts clarification on the savings clause held in Jones v. Hendrix, s.ct. (2023)(lack of access to citation). According to that decision, then rule that Petitioner's enhanced sentence under 18 USC§ 851, and for being a career offender, is unlawful, and to remand to the sentencing court with an order to resentence him without the enhancements in the interest of justice.

Attachment A

Supporting facts:

_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome: United States District Court for Eastern District of Kentucky "Motion to Vacate" (28 USC § 2255), on May 17, 2019. Sixth Circuit Court of Appeals entertained a "Motion to Recall the Mandate", on September 9, 2019

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

        ☐  Yes        ☒  No

   1. If your answer to "A" above was yes, what was the result:

_____
_____
_____
_____
_____

**Attachment A**

2. If your answer to "A" above was no, explain:

The Federal Bureau of Prisons lacks the authority to correct the sentencing error

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☐ Yes      ☒ No

1. If your answer to "B" above was yes, what was the result:

2. If your answer to "B" above was no, explain:

The Bureau of Prisons is unable to provide the the requested relief

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make no legal arguments.
2. Cite no cases or statutes.

To rule that petitioner's enhanced sentence under 18 USC § 851, and for being a career offender, is unlawful, and to remand to the sentencing court with an order to resentence him without the enhancements in the interest of justice.

Attachment A

16.    If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

    Because the district court incorrectly refused to entertain the claim based on procedural default, however, actual innocence is one of the exceptions triggering the safety valve which permits review of the error pursuant to 28 USC § 2241

Signed this ____17____ day of ___April___, _2023_.
        (day)              (month)         (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: _____    _____
                                         Your Signature